IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICARDO LOPEZ-VERA,             )
                                )
            Petitioner,          )
                                )       1:05CV00547
     v.                          )       1:03CR64-1
                                )
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Ricardo Lopez-Vera, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to illegal re-entry of an aggravated felon in violation of 8 U.S.C. § 1326(a) and (b)(2). (Docket nos. 9, 15 (criminal case).) The court sentenced him to 65 months in prison. (*Id*. docket no. 20.) Petitioner appealed, but the Fourth Circuit affirmed the judgment. (*Id*. docket no. 33.) Petitioner did not seek certiorari in the Supreme Court.

He then filed this section 2255 motion. (Docket no. 1.)[1] Petitioner raises three grounds for relief. (*Id*.) Respondent has responded to the motion. (Docket no. 3.) Petitioner has filed a reply brief. (Docket no. 4.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Petitioner first contends that he was improperly sentenced pursuant to a statute which allowed a greater maximum sentence than the statute in effect at the time he committed the offense. (Docket no. 1 at 5.) He reasons that he committed the offense when he re-entered the country in 1997, and that the government was aware he was in the country. Therefore, he contends that he should have been sentenced under the statute which he says capped his maximum sentence at two years in prison. (*Id*. attached memo. at 15-16.)

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

There are several problems with Petitioner's claim. First, it does not appear that any statutory amendment after 1997 resulted in the modification of the maximum sentence as Petitioner contends. From the photocopy of the statute that Petitioner included as exhibit A to his motion, it is clear he is relying on the statute as it existed after its enactment in 1952. (Docket no. 1, ex. A.) There were many amendments between this time and 1997. The original statute did contain a two-year statutory maximum. (*Id*.) However, subsection (b) was later added to provide for a greater maximum sentence for, as Petitioner was charged, those who had been deported after conviction for an aggravated felony. The 1988 amendment added subsection (b). 8 U.S.C.A. § 1326 (Historical and Statutory Notes). The maximum term of imprisonment for those convicted of an aggravated felony was increased by the 1994 amendment from 15 years to 20 years, where it stands now. (*Id*.) Accordingly, Petitioner has failed to show that any amendment changed the maximum statutory sentence after he illegally re-entered this country.

Moreover, even if the maximum sentence had been modified after Petitioner illegally re-entered but before his arrest, he would not be entitled to any relief. Although the title of the statutory section refers to the act of "reentry," the language of the statute refers to a broader class of actions including being found in the United States. 8 U.S.C. § 1326(a)(2). The Grand Jury indicted Petitioner for being found in the United States in 2003 after his deportation. (Docket no. 9 (criminal case).) He committed the offense therefore in 2003. Because the statute has not been amended since 1996, Petitioner was not subjected to any violation of the Ex Post Facto Clause. Finally, even if he had been charged with illegally re-entering, courts have held that the offense of illegally re-entering the country is a continuing offense lasting from the time a defendant re-enters until he is arrested. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1189 (10th Cir. 2003); *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001); *United States v. Hoenes-de la Cruz*, No. 04-4165 (4th Cir. Sept. 20, 2004)

(unpublished). Accordingly, for all of these reasons, Petitioner's first ground for relief should be dismissed.

Petitioner's next ground for relief is based upon the alleged ineffective assistance rendered by counsel because he failed to object on the basis of the preceding claim. (Docket no. 1 at 6 & attached memo. at 16-17.) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *cert. denied*, 507 U.S. 923, 113 S. Ct. 1289, 122 L.Ed.2d 681 (1993), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To establish prejudice in the case of a guilty plea, Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985).

The claim that Petitioner now wishes that counsel had raised has no merit as discussed above. Therefore, counsel did not act unreasonably in not raising this objection and no prejudice can be shown. Petitioner has therefore failed to show that he received ineffective assistance of counsel. *See Hill*, 474 U.S. 52; *Strickland*, 466 U.S. 668. This claim should be dismissed.

Petitioner's final claim is that he was improperly sentenced under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). (Docket no. 1 at 8 & attached memo. at 17-19.) Petitioner's conviction became final 90 days after the Fourth Circuit's entry of judgment on March 30, 2004, because Petitioner did not file a petition for writ of certiorari. *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L.Ed.2d 88 (2003). Thus, his conviction became final on June 28, 2004.

*Booker* was decided later in January 2005. It would therefore have to be applied retroactively in this collateral proceeding to grant relief to Petitioner. This cannot be done, however. Although the Supreme Court has now decided in *Booker* that the reasoning of *Blakely* does apply to the federal sentencing guidelines, the Fourth Circuit has recently held that *Booker* was a "new rule" of criminal procedure under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners, . . . , whose convictions became final before *Booker* (or *Blakely*) was decided."[2] *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). This claim should also be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 1) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 10, 2006

---

[2] The court also made clear that it is the date that *Booker* rather than *Blakely* was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing *Lloyd v. United States*, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date *Booker* issued is appropriate dividing line because *Blakely* reserved decision about the federal sentencing guidelines), *cert. denied*, 126 S. Ct. 288 (2005)).